UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | No. 2:14-cv-01748-MCE-AC |
| Plaintiff, | |
| v. | **ORDER** |
| GIOVANNI HOLDINGS, et al., | |
| Defendants. | |

On July 24, 2014, Plaintiff Scott Johnson ("Plaintiff") filed the instant action against defendants Giovanni Holdings ("Defendant") and Charleanne Cannon ("Cannon"). ECF No. 1. On August 7, 2014, a Summons as to Defendant was returned as executed on August 1, 2014. ECF No. 4. Because Defendant failed to timely respond to the Complaint, Plaintiff requested, and the Clerk of the Court issued, an Entry of Default on September 8, 2014. See ECF Nos. 6-7. On September 18, 2014, Defendant filed an untimely Answer. Now, through a joint stipulation, the parties seek to set aside the entry of default as to Defendant.

Federal Rule of Civil Procedure 55(c)[1] provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered,

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise stated.

1

1 | may likewise set it aside in accordance with Rule 60(b)."  The Ninth Circuit has indicated
2 | that a district court's discretion is "especially broad where . . . it is entry of default that is
3 | being set aside, rather than a default judgment."  Mendoza v. Wight Vineyard Mgmt.,
4 | 783 F.2d 941, 945 (9th Cir. 1986) (internal citation omitted); see also Brady v. United
5 | States, 211 F.3d 499, 504 (9th Cir. 2000).  The defaulting party bears the burden of
6 | establishing "good cause" to set aside an entry of default.  Franchise Holding II, LLC v.
7 | Huntington Rests. Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004).  In determining
8 | whether there is good cause to set aside entry of default, the court considers:
9 | (1) whether the defaulting party engaged in culpable conduct which led to the default;
10 | (2) whether the defaulting party lacks a meritorious defense; and (3) whether setting
11 | aside the default would prejudice the party who obtained it.  Mendoza, 783 F.2d at 946.
12 | These factors are disjunctive; therefore, the court may deny a Rule 55(c) motion if it finds
13 | present any one of the foregoing factors.  Franchise Holding, 375 F.2d at 926 (internal
14 | citation omitted).  However, where timely relief is sought from a default and the movant
15 | has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set
16 | aside the default so that cases may be decided on their merits.  Mendoza, 783 F.2d at
17 | 946.  The moving party need not file a noticed motion to set aside the entry of default;
18 | however, it must set forth sufficient rationale to demonstrate good cause in a manner
19 | permitted by this Court's Local Rules and the Federal Rules of Civil Procedure, such as
20 | a stipulation, an ex parte application, or a noticed motion.  See Judson Atkinson
21 | Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 385-86 (7th Cir. 2008)
22 | (explaining that Rule 55(c) does not require a motion).
23 |      On September 24, 2014, Plaintiff and Defendant submitted a joint stipulation and
24 | proposed order which states, in full, as follows: "The parties hereto, by and through their
25 | respective attorneys, do hereby Stipulate that the Default of Defendant Giovanni
26 | Holdings be set-aside and that any Default Judgment be vacated."  ECF No. 11.  The
27 | parties' stipulation is insufficient as it fails to set forth good cause as required by Rule
28 | 55(c).  See Mendoza, 783 F.2d at 946.  Moreover, where the Clerk has already entered

default, a request for relief from the entry of default is not saved by the fact that there is an Answer on file.[2]  See Stanley v. Heckler, 604 F. Supp. 1102, 1104 (D. Mont. 1985) (explaining that untimely responding to the complaint does not constitute "good cause," even under the relaxed standard of Rule 55(c)); see also Cal. Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group 2014) §§ 6:42-6:43 (noting that the entry of a defendant's default cuts off his or her right to appear in the action, and, therefore, where a party seeks to file an answer after default has been entered, "[i]t is too late"); 10A Wright, Miller & Kane, Federal Practice and Procedure 3d § 2692 ("Therefore, [the] defendant must request that the default be 'excused' and secure leave to answer before a responsive pleading will be recognized.").[3]  Therefore, given that Defendant bears the burden of establishing good cause to set aside an entry of default, the Court DENIES without prejudice the parties' request to set aside the entry of default as to Defendant Giovanni Holdings (ECF No. 11).

IT IS SO ORDERED.

Dated:  October 1, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] In contrast, as to Cannon, the filing of an untimely Answer was sufficient to warrant the Clerk's denial of an entry of default because the request for default was made after the filing of Cannon's response.  See ECF Nos. 5, 8-10; Cal. Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group 2014) §§ 6:28-29 (explaining that no default can be entered if defendant filed an untimely response indicating its intent to defend the action prior to the entry of default).

[3] For the reasons set forth above, the Defendant's untimely Answer is insufficient to warrant the setting aside of the entry of default.  However, the Court notes that the information contained within that filing, were it included within the parties' request, may demonstrate that Defendant has a meritorious defense so as to constitute good cause.  Compare Tri–Continental Leasing Corp. v. Zimmerman, 485 F. Supp. 495, 497–499 (N.D. Cal.1980) (holding that conclusory allegations are insufficient to set aside default, and parties must provide adequate factual and legal bases for defenses)  with McColm v. Restoration Group, Inc., 2007 WL 738770, *2 (E.D. Cal. Mar. 7, 2007) ("Given the questions raised by defendants in their motion to dismiss, their apparent desire to contest this action, and the policy favoring cases to be tried on their merits, the court hereby denies plaintiff's ex parte motion for an order requiring the Clerk to enter default.").